IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:18cr 04 |
| | ) | |
| RICHARD WINCE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**PLEA AGREEMENT**

Dana J. Boente, United States Attorney for the Eastern District of Virginia,

Peter S. Duffey, Assistant United States Attorney, the defendant, RICHARD WINCE, and the

defendant's counsel, Elliot Park, have entered into an agreement pursuant to Rule 11 of the

Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.      **Offense and Maximum Penalties**

The defendant agrees to plead guilty to count one of the pending information. Count one

charges the defendant with dealing firearms without a license, in violation of Title 18, United

States Code, Section 922(a)(1)(A). The penalties for this offense are: a maximum term of

imprisonment of five years; a fine of up to $250,000 or twice the gross gain or loss to the

defendant from the offense, whichever is greater; a special assessment fee of $100; and up to

three years of supervised release. The defendant is aware that this supervised release term is in

addition to any prison term he may receive, and that a violation of a term of supervised release

could result in his being returned to prison for the full term of supervised release.

**2.      Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense.  The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.  The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**3.      Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance.  The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.  The defendant understands that the rights of criminal defendants include the following:

   a.      the right to plead not guilty and to persist in that plea;

   b.      the right to a jury trial;

   c.      the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

   d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.      Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a).

The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

### 5.     Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

3

any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.    Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the information

4

as an offense.  In such a prosecution the United States may allege and prove conduct described in

the information or statement of facts.  "Crime of violence" has the meaning set forth in Title 18,

United States Code, Section 16.

### 9.    Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be

imposed in this case.  The defendant agrees to forfeit all interests in any firearm related asset that

the defendant owns or over which the defendant exercises control, directly or indirectly, as well

as any property that is traceable to, derived from, fungible with, or a substitute for property that

constitutes the proceeds of his offense, including the following:

    a.  a Winchester, 94, 30-30 caliber rifle, SN 3814386;
    b.  a Colt M4, 5.56 caliber rifle, SN LE511838;
    c.  a Mossberg, 500, 12 gauge shotgun, SN T643690;
    d.  a Glock, 21, .45 caliber semi-automatic pistol SN KYV082;
    e.  a Glock, 19, 9mm semi-automatic pistol, SN RAP188;
    f.  a Glock, 43, 9mm semi-automatic pistol, SN ZNG681;
    g.  a Colt, Python, .357 caliber revolver, SN 54517;
    h.  a Smith & Wesson, 36, .38 caliber revolver, SN BET1988; and
    i.  a Kel-tec, Sub 2000, 9mm rifle, SN EQL58.

The defendant understands that if proceeds of the offense are not available to the United States to

be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds.

*United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).  The defendant further agrees to waive

all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for

such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant admits

and agrees that the conduct described in the charging instrument and Statement of Facts provides

a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 10.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of and property used in illegal conduct.

### 11.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past five years.  The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.  The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

6

## 12.   Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.   The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.   The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.   Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made

pursuant to this or any other agreement with the United States, should be

excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or

federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in

an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence.

### 13.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United

States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney

acknowledge that no threats, promises, or representations have been made, nor agreements

reached, other than those set forth in writing in this plea agreement, to cause the defendant to

plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing

in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____

Peter S. Duffey
Assistant United States Attorney

8

   **Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 11/7/17 _____
                                Defendant


   **Defense Counsel Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 11 07 17 _____
                                Counsel for the Defendant

9

## U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:18cr 04 |
| DEFENDANT'S NAME: | RICHARD WINCE |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | **Clerk, U.S. District Court** **401 Courthouse Square** **Alexandria, VA 22314** | |
| **Richmond cases:** | **Clerk, U.S. District Court** **701 East Broad Street, Suite 3000** **Richmond, VA 23219** | |
| **Newport News cases:** | **Clerk, U.S. District Court** **2400 West Ave, Ste 100** **Newport News, VA 23607** | |
| **Norfolk cases:** | **Clerk, U.S. District Court** **600 Granby Street** **Norfolk, VA 23510** | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**

10