IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 3:18-CR-04 |
| ) | |
| RICHARD WINCE,       ) | |
| ) | |
| *Defendant*.     ) | |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, through its attorneys, Tracy Doherty-McCormick, Acting United States Attorney, and Peter S. Duffey, Assistant United States Attorney, hereby submits its position with respect to sentencing. The United States has no objections or corrections to the Presentence Investigation Report (PSR), and concurs with the guidelines calculation of the U.S. probation officer. Accordingly, the United States contends that the appropriate total offense level for Count One is 13, and the appropriate criminal history category is I, yielding an advisory guidelines range of 12-18 months. For the reasons that follow, the Defendant should be sentenced within that advisory range.

**I.      BACKGROUND**

In July, 2016, federal agents of the ATF were notified that the body of Isaiah Janes was found near a camping site and that Janes had apparently committed suicide by shooting himself. An AK-47 rifle was found close by and it was determined that the rifle had fired one round, and a trace of the firearm revealed that it had recently been purchased by the defendant, shipped to Virginia where Wince made the purchase from a local, licensed firearms dealer. Wince's name

1

was known to the ATF because they had questioned him in October, 2015, regarding another firearm that he (Wince) had purchased which had been found in the possession of a felon. At that interview, Wince was advised by ATF agents that repetitive sales of firearms for profit and without a license was illegal.

The presence of the AK-47 at the scene of the Janes' suicide brought on renewed scrutiny of Wince by the ATF. Agents learned that Wince was known to local firearms dealers for purchasing firearms and using his law enforcement discount. Agents also reviewed listings from *VA Guntrader* and *Armslist*, two on-line firearms websites, and found almost 400 listings for either trades or sales of firearms posted by Wince over a four-year period. In April 2017, ATF made a controlled purchase of one such firearm listing, a Smith and Wesson handgun, for which Wince made a small profit. ATF also executed a search warrant at Wince's residence at that time, and recovered eight firearms.

II. **ARGUMENT**

**A Sentence within the Range of 12-18 Months Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A.  Nature and Circumstances of the Offense; Provide Adequate Punishment

Here, Wince engaged in the business of selling (and trading) a large number of firearms over an extended period, even after being questioned by the ATF and advised that selling firearms for profit was potentially against the law. Wince continued his firearms dealing, posting numerous firearms on websites for sale or trade, and keeping no records of these transactions. Arguably, many of these transactions were trades by Wince, transferring one of his firearms in exchange for another gun, but in any event, as Wince admits in his statement of facts, up to 24 firearms were sold for profit.

In any event, even trades of firearms gives rise to the scenario where firearms are transferred to unknown parties with no paper trail to track these weapons should they be recovered at crime scenes, which several of Wince's firearms were. *See* PSR at 4. As a law enforcement officer, Wince should have been aware of that his actions hampered law enforcement in the investigation of violent crime. Wince's disregard for the consequences of his repeated sale and trades of firearms all militate against any reduced sentence in this case, and provides ample reason for the Court to sentence within the advisory range.

### B.  History and Characteristics of the Defendant

In contrast to the information stated above regarding the circumstances of Wince's offense, his history reveals someone who has served this country both in the military and as a law enforcement officer. But his service to the country and his community can only offer so much mitigation given that his law enforcement experience, in particular, should have discouraged the very activity which brings him to Court. While the Government has no evidence to suggest that Wince had any knowledge, for example, that the suicide victim was a prohibited person, whenever you transfer or sell a firearm outside of the requirements of licensed dealers (background checks,

3

residence, ect.), there is always a possibility that the firearm will fall into the hands of someone who is prohibited from possessing it, as was Mr. Janes.[1]

Of course, Wince had no way of knowing that, given that his sale of the firearm to Janes took place in a parking lot and did not involve a background check or any of the other restrictions placed on sales of guns at a licensed dealer. Likewise, several other of Wince's firearms have ended up in the possession of prohibited people and/or tied to crimes. These facts illustrate the point that while Congress has seen fit not to regulate private gun sales on an individual basis, and to accept the risk that some of these transfers of firearms might be to prohibited persons, it has placed some restriction on these sales by implementing 18 U.S.C. § 922 (a)(1)(A), the statute charged here. In essence, § 922(a)(1)(A) seeks to at least mitigate that risk by limiting these private sales in some meaningful fashion. Thus, in every private sale there are risks as describe above, and those risks increase with every transfer of a firearm. Here, the defendant ignored these risks with every sale, and as a law enforcement officer, he should have known better.

### C. The Need for the Sentence Imposed

#### 1. Need to Deter Future Criminal Conduct and Protect the Public from Defendant's Future Criminal Conduct

As indicated above, Wince's criminal behavior is of the sort that has broad, sweeping effects on the community. The need to deter both the defendant, and those similarly situated in the community, is strong here. While the government does not overlook Wince's past service, a sentence within the advisory range is proper here.

#### 2. Need to Provide Needed Treatment to Defendant

Wince has some significant medical issues that will need to be addressed.

---

[1] Janes had previously been committed to a mental institution in California, and was prohibited from possessing a firearm under 18 U.S.C. § 922(g)(4).

    3.    <u>Need to Avoid Unwarranted Disparities</u>

Defendant has no codefendants in this case.

## CONCLUSION

For the reasons stated above, the United States submits that a sentence within the advisory guidelines range of 12-18 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

        Respectfully submitted,

        Tracy Doherty-McCormick
        Acting United States Attorney

By:        /s/
        Peter S. Duffey
        Assistant United States Attorney
        Virginia Bar No. 39477
        Assistant U. S. Attorney
        Office of the U.S. Attorney
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219
        (804) 819-5400
        (804) 771-2316 (fax)
        peter.duffey@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system which will then send a notification of such filing (NEF) to counsel of record.

                                                  /s/
Peter S. Duffey
Virginia Bar No. 39477
Assistant U. S. Attorney
Office of the U.S. Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (fax)
peter.duffey@usdoj.gov