UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal Number.: **3:18CR004** |
| | ) |
| RICHARD **WINCE**, | ) |
| | ) |
| Defendant. | ) |

# DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE SENTENCE

Mr. Richard S. Wince submits this Sentencing Memorandum and Motion for Variance Sentence in support of his request for a sentence of one (1) year probation with a condition of home detention with electronic monitoring followed by one (1) year of supervised release. The sentence requested is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Mr. Wince's character and background stand in stark contrast to the offense for which he entered a guilty plea. He is a devoted husband and father, and he has a long history of service to his country and local communities as a military police officer in the United States Navy and a law enforcement officer with two police departments.

## I. STATEMENT OF LAW AND ARGUMENT

The United States Sentencing Guidelines are advisory only and courts must "take account of the Guidelines together with other sentencing goals" set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005). Specifically, judges must "impose sentences that reflect the seriousness of the offense, promote respect for the law,

provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed [educational or vocational] training and medical care." *Id.* (citing 18 U.S.C. § 3553(a)(2)). The United States Sentencing Guidelines cannot be employed as a substitute for the sentencing court's own independent determination of a just sentence based on a full consideration of all the statutory sentencing factors, *see Nelson v. United States*, 555 U.S. 350 (2009); *Spears v. United States*, 555 U.S. 261 (2009).

In the present case, this Court has the ability to assess Mr. Wince individually and to fashion a sentence that represents more than the mechanistic application of a formula. While the guidelines, as computed by the Probation Officer, suggest a sentence of twelve to eighteen months, a sentence of one (1) year probation with a condition of home detention with electronic monitoring followed by one (1) year of supervised release would address the 18 U.S.C. § 3553(a) factors and be adequate but not greater than necessary to achieve the sentencing goals.

### A. The Sentencing Factors of Section 3553(a)

While none of the factors listed in Section 3553(a) should be given any greater weight or consideration than another, Mr. Wince submits the following information to support favorable consideration at his sentencing.

### B. History and Characteristics of the Defendant 3553(a)(1)

Mr. Wince comes from a broken family in which his biological father was an alcoholic who ceased caring for, and supporting, his family prior to Mr. Wince's beginning school. PSR, ¶ 36. Mr. Wince was raised by his mother and his maternal grandmother. PSR, ¶ 41. From the time Mr. Wince was in fourth grade through high

school, Mr. Wince and his mother lived with her boyfriend who, like Mr. Wince's father, was an alcoholic. PSR, ¶ 44.

Mr. Wince's first marriage occurred when he was nineteen years old, resulting in separation within two years and divorce within four years of the marriage. Mr. Wince admits that he married too young. PSR, ¶ 47. Mr. Wince and his first wife had a daughter together. Admittedly, he is currently estranged from his ex-wife and speaks infrequently with the daughter of this marriage.

Despite the instability of his upbringing and an unsuccessful first marriage, Mr. Wince leads a stable family life. He married a second time when he was twenty-nine years old and has remained married to his second wife for more than seventeen years. PSR, ¶ 48. They have a child together, and Mr. Wince adopted her child from a previous marriage. PSR, ¶ 48-49.

Mr. Wince enlisted in the United States Navy when he was nineteen years old and had a distinguished naval career, serving his country for twenty years as a military police officer. PSR, ¶ 70. After an honorable discharge from the United States Navy, he continued to serve his community as a Chesterfield County Sheriff's Deputy and as police officer with the Washington, DC Metropolitan Police Department. PSR, ¶ 73-74. In total, he has worked as a law enforcement officer for more than thirty years.

Mr. Wince earned his General Equivalency Diploma when he was twenty-one years old. All of his training and education since that time has been related to the military or law enforcement, such as courses in police investigation, anti-terrorism, and firearms instruction. PSR, ¶ 71.

During almost all of his adult life, Mr. Wince has proudly identified himself as a

veteran and, until the entry of a guilty plea on 31 January 2018, as a law enforcement officer. He cares deeply about his chosen professional and has worked closely with his current wife in her creation and operation of a non-profit organization for the benefit of fallen law enforcement officers. PSR, ¶ 48.

At the time of sentencing, Mr. Wince will be fifty-one years old. Currently, he is working as a deliverer for an automotive parts company. PSR Addendum, ¶ 73.

### C. Nature and Circumstances of the Offense 3553(a)(1)

Mr. Wince entered a guilty plea to the charge of engaging in the business of dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) which carries a potential penalty of a term of imprisonment of five years and a fine of $250,000, among other things. This conviction alone altered Mr. Wince's status as a law enforcement officer to his current and permanent status as a felon. The offense is serious.

The facts supporting the charge are relatively simple. Mr. Wince bought, sold, and traded firearms in an ostensibly business-like manner. The large volume of firearm transactions in which he was engaged over a relatively short period of time and the effects of those sales compound the apparent severity of the offense.

During a period of approximately seventeen months, Mr. Wince engaged in between eight and twenty-four firearm transactions. (ECF 11, ¶ 4).[1] These numbers are high and the time period is short by any popular standard.

Also, the effects of some of these transactions were serious. Firearms sold by Mr. Wince were recovered during a criminal investigation, found on a convicted felon, and used in a murder. PSR, ¶ 9. One of the firearms sold by Mr. Wince was used in a

---

[1] Mr. Wince published numerous listings for the sale or trade of firearms on various websites (PSR, ¶ 8); however, the total number of these listings is not the basis of the offense.

suicide.  PSR, ¶ 6.

However, the Court should not confuse correlation and causation by conflating acts of buying, selling, and trading firearms with the very serious effects of some of these firearm transactions over which Mr. Wince had no direct or proximate control.  Although Mr. Wince clearly, and generally, intended to engage in each of these firearm transactions by any legal measure of intent, he lacked any intent as to their effects.  He intended the acts of buying, selling, and trading firearms, but not their consequences.  He was never complicit in any crimes involving the firearms he sold or traded.

### D. Adequate Deterrence and Protecting the Public 3553(a)(2)(B) and (C)

The offense requires a sentence that provides adequate deterrence and protection for the public.

In the interest of *general* deterrence—deterring everyone from committing the same or similar offense—a conviction that confers the permanent status of felon and a sentence that includes probation with the onerous conditions of home detention with electronic monitoring is adequate, but not greater than necessary, to achieve the goal.

The goals of protecting the public from further crimes by Mr. Wince and providing *specific* deterrence—deterring Mr. Wince from engaging in similar conduct in the future and thereby harming the public—may be addressed and achieved together.

Even without any sentence, the conviction has conferred the permanent status of felon on Mr. Wince. Therefore, he is forever prohibited from lawfully purchasing or possessing a firearm which is an essential element of engaging in buying, selling, and trading firearms without a license.[2]  He could not possibly engage in the same business again since he is otherwise a law-abiding citizen.

---

[2] The United States has never alleged that Mr. Wince has illegally obtained or illegally possessed a firearm.

Also, Mr. Wince has suffered other punishments unique to him. The conviction has caused him to lose his job in the field of employment in which he will never work again. In fact, most of his training and education is in law enforcement, and the conviction has rendered it useless to him.

During the investigation of the offense, Mr. Wince suffered a major heart attack while on the job at Washington, DC Metropolitan Police Department, arguably caused by the stress of the investigation by federal law enforcement and the impending indictment. PSR, ¶ 54. The effects of this physiological event require continuing medical care and numerous medications. PSR, ¶ 54-56. Finally, despite suffering chronic depression, Mr. Wince is experiencing acute depression requiring treatment and medication. PSR, ¶ 58-61.

Given the totality of the impact the investigation and conviction have had on Mr. Wince, he is highly unlikely to offend again.

### E. Provide the Defendant with Needed Medical Care 3553(a)(2)(D)

Mr. Wince requires continuing health care—including treatment and medication—for both physiological and mental illness as described in Section I.D, *above*. Mr. Wince is currently meeting regularly with physicians and mental health care professionals. PSR, ¶ 58. Ideally, he would avoid the transitions to new health care professionals that incarceration would require.

### F. The Kind of Sentences Available 3553(a)(3)

Mr. Wince qualifies for a sentence of probation, without active incarceration, pursuant to 18 U.S.C. § 3561.

### G. Sentence Disparities 3553(a)(6)

Mr. Wince has no codefendant, and the United States rarely prosecutes cases under 18 U.S.C. 922(a)(1)A).

### H. The Need to Provide Restitution to Any Victims of the Offense 3553(a)(7)

Mr. Wince's conduct supporting his conviction has no identifiable or legally proximate victim. PSR, ¶ 13.

## II. CONCLUSION

WHEREFORE, given all of the information described in this Sentencing Memorandum and Motion for Variance Sentence and the PSR, Mr. Wince respectfully requests this Court grant his motion for a downward variance and impose a sentence of one (1) year probation with a condition of home detention with electronic monitoring followed by one (1) year of supervised release. Such a sentence would be "sufficient, but not greater than necessary" to comply with appropriate sentencing purposes.

Respectfully submitted,

RICHARD S. WINCE

By Counsel

PARK HALEY LLP

By:         /s/
     Elliott P. Park, Esquire
     Virginia State Bar Number 39163
     1011 East Main Street, Suite 300
     Richmond, Virginia 23219
     TELEHONE: 804.648.7565
     E-MAIL: epp@parkhaley.com
     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the **23rd day of April 2018** I will electronically file this **Defendant's Sentencing Memorandum and Motion for Variance Sentence** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Elliott P. Park, Esquire