IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | Criminal No. 3:18-CR-04 |
| ) | |
| RICHARD WINCE,    ) | |
| ) | |
| *Defendant*.   ) | |

### RESPONSE OF THE UNITED STATES IN OPPOSITION TO MOTION FOR DOWNWARD VARIANCE

The United States of America, through its attorneys, Tracy Doherty-McCormick, Acting United States Attorney, and Peter S. Duffey, Assistant United States Attorney, hereby submits its opposition to the Defendant's request for downward variance.  For the reasons that follow, the Defendant should be sentenced within the properly computed advisory range of 12-18 months.

As previously noted in the Government's Position on Sentencing, Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to:  reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant requests that the Court sentence him to one year of probation with the condition of home detention, followed by one year of supervised release.  As a basis for this

downward variance, Wince puts forth his military and public service, the loss of his chosen profession, and the need for continued medical care as reasons that the Court should vary his sentence into Zone B, avoid incarceration, and sentence him to probation and home detention. The United States opposes this request for several reasons.

First, although his military service and years as a police officer are no doubt laudable, the very nature of his offense offsets any credit he should receive for his law enforcement service. Here, Wince was approached by ATF agents in 2015 and questioned by them about a firearm found in possession of a convicted felon. At that time, he was warned by the ATF that dealing firearms without a license was illegal. Rather than changing his conduct, Wince continued on in the trading and selling of firearms. The very nature and consequences of his actions made both the Defendant and his law enforcement colleagues less safe in the performance of their duties. He now, ironically, invites the Court to impose no incarceration based, in large part, on this public service. It is the Government's position that the Court should respectfully decline that invitation.

Wince also argues that the very fact of a felony conviction and subsequent loss of his firearms' rights presents the permanent status of felon on him, but that is true in every felony case. Moreover, Wince asserts that the loss of his chosen profession, law enforcement, is a punishment unique to him, but for the reasons cited above, that argument lacks merit and, in any event, is true of many defendants that are convicted in federal court and are in positions which require security clearances and/or background checks.

Finally, Wince asserts that he requires continuing health care, including treatment and medication. The Government is well-aware of his medical problems and heart condition and, in fact, postponed the filing of the charge in this case to allow the defendant additional time to

recover. But here, Wince does not show, nor even allege, that he cannot get proper medical care while in custody. As such, Wince fails to show that incarceration would interfere with any treatment and should not be a consideration under § 3553(a)(2)(D).

## **CONCLUSION**

For the reasons stated above, the United States submits that a sentence within the advisory guidelines range of 12-18 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

By:     /s/
Peter S. Duffey
Assistant United States Attorney
Virginia Bar No. 39477
Assistant U. S. Attorney
Office of the U.S. Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (fax)
peter.duffey@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of April, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system which will then send a notification of such filing (NEF) to counsel of record.

      /s/
Peter S. Duffey
Virginia Bar No. 39477
Assistant U. S. Attorney
Office of the U.S. Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (fax)
peter.duffey@usdoj.gov